**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELVIN J. RUSH,
Plaintiff-Appellant,

v.

ROWAN-SALISBURY BOARD OF
EDUCATION; JOSEPH MCCANN,
Individually, in his official capacity,
and as an agent of the board; N.
WINDSOR EAGLE, Individually, in his

No. 96-2462

official capacity, and as an agent of
the board; DANNY THOMAS,
Individually, in his official capacity,
and as an agent of the board;
DONALD MARTIN, Individually, in his
official capacity, and as an agent of
the board,
Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-95-405-4)

Submitted: October 7, 1997

Decided: October 23, 1997

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. Luke Largess, FERGUSON, STEIN, WALLAS, ADKINS, GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for Appellant. J. Reed Johnston, Jr., Denis E. Jacobson, TUGGLE, DUGGINS & MESCHAN, P.A., Greensboro, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Melvin J. Rush appeals from the district court order granting summary judgment in favor of the Defendants in his employment action alleging Title VII, 42 U.S.C. § 1983 (1994), and First Amendment violations. We affirm.

Rush, an employee of the public school system, first argues on appeal that the Defendants failed to select him for the position of assistant principal of a middle school based on his race--African-American. We find that even assuming that Rush has established a prima facie case of race discrimination under Title VII, the Defendants have come forth with a legitimate non-discriminatory reason for their ultimate selection of another candidate. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (explaining burden-shifting scheme). The superintendent was seeking an individual to handle disciplinary matters within the school and the candidate selected had past experience in this area, having served as a suspension coordinator at another middle school and twenty-seven years in the Marine Corps. Rush, however, as a guidance counselor had limited experience in the area of discipline and dealing with students on the middle school level.

Rush attempts to demonstrate that this proffered explanation was pretext for unlawful race discrimination by drawing attention to the

2

fact that, with rare exception, the superintendent always recommends and the school board always selects the principal's first choice for this position, which in this case was Rush. On the only other occasion where the principal's choice was not selected, Rush contends that the decision was made to select an African-American applicant in order to gain an African-American presence in the school as well as in the administration. He notes that were he selected to fill the position of assistant principal, it would be the first time that the school system had two African-American administrators. We find these facts insufficient to create an inference of pretext and accordingly believe that the district court properly granted summary judgment in favor of the Defendants on this claim.

Rush next asserts that he received a substandard performance evaluation based upon certain statements he had made which reflected his beliefs of a racial atmosphere within the school system. He contends that the district court erred in not considering this claim. We note, however, that Rush failed to present this claim to the district court. Instead, he argued only that the poor performance evaluation was based upon his race, an argument which he does not raise on appeal. Nonetheless, we find that a First Amendment claim would not have survived summary judgment. To establish a retaliatory claim under the First Amendment, a public employee must meet a two-pronged test. First, to merit First Amendment protection, the speech at issue must relate to matters of public interest and the employee's interest in free expression must outweigh the employer's interest in efficient operation of the workplace. Second, the employee must demonstrate that his protected speech was a substantial factor in the employer's decision. See Hanton v. Gilbert, 36 F.3d 4, 6-7 (4th Cir. 1994).

Here, Rush's comments on racial relations may arguably relate to an issue of public interest. However, many of these comments related directly to other school and school board employees and as such were likely to create a level of animosity which would hinder the efficient operation of the school and board. Rush's pointed and personal comments stand in stark contrast to those found by this Court to merit First Amendment protection in Cromer v. Brown , 88 F.3d 1315 (4th Cir. 1996), and we find that given the disruption such comments would likely cause, Rush could not prevail under the First Amendment's balancing test. See DiMeglio v. Haines , 45 F.3d 790, 806 (4th

3

Cir. 1995) (stating that "only infrequently will it be `clearly established' that a public employee's speech on a matter of public concern is constitutionally protected, because the relevant inquiry requires a `particularized balancing' that is subtle, difficult to apply, and not yet well-defined").

Finally, Rush argued that he was impermissibly transferred to a different school in retaliation for his aforementioned statements and EEOC charges in violation of Title VII and the First Amendment's protection of free speech. The district court granted summary judgment on this claim, noting that because he was transferred without a loss of pay or benefits Rush did not suffer a "materially adverse change in the conditions of his employment," and thus could not prevail. On appeal, Rush concedes that in order to establish a claim under Title VII he must show a materially adverse change in the conditions of his employment. He asserts, however, that no such showing is necessary to establish a First Amendment claim. In support of this position, he cites to Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990), for the holding that an employment action implicating the First Amendment need not be materially adverse. We discern no such holding in Rutan. Rather, the Court in Rutan simply rejected the defendants' assertion that the particular employment decisions at issue were not adverse. See id. at 73. We further note that a plethora of First Amendment cases speak in terms of adverse employment decisions, and accordingly we do not construe Rutan to eliminate that requirement. See, e.g., United States v. National Treasury Employees Union, 513 U.S. 454, 466 (1995). Even assuming, however, that such a showing is not required, we would find, for the reasons stated above, that Rush has not demonstrated that his speech was protected under the First Amendment's balancing test.

Accordingly, we affirm the district court's grant of summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4